May it please the court, Justin Pace representing the appellant Dustin Wilson. I'd like to reserve five minutes of my time for rebuttal. This case presents a straightforward violation of trial counsel's duty to provide effective assistance of counsel to a criminal defendant. That's conclusive on the face of the record. He did so by failing to persistently and persuasively argue for the defendant's release on bond when the defendant was suffering from ongoing severe dental issues, that the jail where he was being detained was unable or unwilling to provide him treatment for being deliberately indifferent to his medical needs. That prevented a plea that was knowing and intelligent because it prevented him from focusing on and participating in his defense at a key time for his defense. Because it's, because the record is fully developed, this court can and should vacate Mr. Wilson's guilty plea in sentence and remand for further proceedings. It's axiomatic that ineffective assistance of counsel claims are typically. You have no deposition or anything from the defense counsel in this case as to why he did what he did, when he did? Correct. As you would have in a 2255. Correct. And these claims are usually better suited for a 2255 petition. This is the rare case that is suitable for determination on direct appeal because we have everything in the record that we need. There was extensive briefing. There were two hearings. The defendant provided testimony at those hearings and through a pro se letter. And we have medical records. And while the defense counsel didn't say why he made the decisions that he did, in this case this court has recognized that a decision cannot be strategic if the decision made no sense. They recognized that in Freeman. The defense counsel's decision here didn't make sense because asking for transfer was never going to be successful. He recognized that he had never asked for transfer in 20 years of practice. The trial court made very clear that it wasn't going to grant transfer, order transfer. It wasn't going to be the omnibusman of the McDowell County Detention Center. And therefore his lawyer should have done exactly what? His lawyer should have argued for release and never should have abandoned the argument for release so early. And why didn't we determine that that would have been successful in the other side of, you know, Strickland in terms of, you know, the harm in the sense that what impact did it have? We know that it likely would have been granted. Strickland requires a reasonable probability. That's what I meant. Under that standard, where is the reasonable probability that that likely would have been successful? Had he made the motion that you said he's ineffective for not doing so? One of the 3142 factors is the physical condition of the defendant. That's what changed from the original detention hearing as he developed these dental issues starting in February of 2024. I know, but I think the record is replete with that. But with counsel, you know, you're trying to, he's not a physician, or the counsel's not a physician, and you're trying to get relief, and he's in excruciating pain. So the counsel, well, let's get you removed to some place where they can at least treat you. So here you have a mixture of legal strategy in terms of trying to get you a case. And this one is what should happen while you're waiting. And he made a decision that said, listen, I know what you want. You want to get released. But I think the main thing is you need help. So I'm going to try to get you to some place to get you help for this horrible pain. To say counsel was ineffective in that, that's kind of harsh in terms of, under these facts, isn't it? Your Honor, I don't fault him for initially asking for transfer or release. It was clear at that May 15th hearing that the trial judge wasn't going to order transfer. And unfortunately, at that time, he abandons his argument for release. We see that very clearly in the record at GA 90. Well, he tried. He did an alternative, as you just said. So he needs to continue, even though counsel thinks that's not going to happen. But I do know this. My client is in horrible pain. I'm going to do my best to get him what he needs physically. Because obviously, it's not only physical, but mental. I mean, if anybody's ever had a toothache or something like that, you know what I mean, it would drive you up a wall. So, but the whole counsel, it's more strict than standard. It's kind of difficult on this record. Judge Agee, that's the question. You don't have anything from counsel here. That's why it's better suited. It's not better suited. We normally say, listen, unless it's clear in this record, we address it at this point, right? That's why we do it in a habeas form. But I'm just wondering why you said, rather axiomatic, that this is wrong. I just don't see that. Help me with that. That the counsel is clearly wrong for what is there. The timing is important here. We have dental issues that started in February 2024. Trial counsel abandons the argument for release on May 15th. That was before Mr. Wilson had had a single dentist appointment. He gets that appointment on May 29th, although the dentist is unable to alleviate his symptoms. The dentist says he needs a root canal. He can't perform it. He needs a crown replacement. He can't perform it. He does get an antibiotic, but that doesn't resolve his situation. He gets 10 days of pain pills, but his pain persists for months. And he's advised to floss, but the jail doesn't allow that. Trial counsel also didn't provide any medical records until June. So both the dentist appointment where Mr. Wilson's symptoms were not treated and the medical records happened after trial counsel has abandoned the argument for release. Because one of those 3142 factors is the physical condition of the defendant, as time passes and Mr. Wilson's dental issues continue, the factors continue to shift in favor of his release, but his trial counsel is unable to use that for his client's benefit because he has already abandoned that argument. So my, I just want to make sure I'm understanding your argument here today, is that because he couldn't get the dental work that he needed, he pleaded guilty. That's, right? There's record, there's evidence in the record that this affected his ability to participate in and focus on his defense. For the 8-month period from when the dental issues started in February until he signed his plea agreement at the end of September, we know that he is suffering from these issues and he's in a lot of pain. And his trial counsel says at the trial level that his client is asking him questions about his medical issues when they should be talking about his defense. And his client is asking him, if I plead guilty, will they get me medical help? So we see evidence on the record that this affected. But is there anything in the record that says that if he pled guilty that he would receive treatment? No, Your Honor, although it appears that Mr. Wilson believed that it may. He was becoming desperate. And so, because it's not in the record either, is there anything that says when this excessive bleeding or when these issues with his mouth ended? Was it before his plea agreement, before he accepted the plea agreement, or was it after he accepted the plea agreement? I didn't see anything in the record. It appears to be after. In his pro se letter, which was filed on August 9th, he indicates that the issues are going on in full force. He signed his plea agreement, I believe, on September 30th. In his draft PSR, which was filed in December of 2024, his interview with the probation officer indicates that he's still having dental issues. When he has his sentencing hearing in May 2025, at that time it appears he's had treatment and the dental issues have subsided. So for the entire key period leading up to his plea agreement, he's suffering from these severe medical issues. I do think that the fact that he was able to get treatment and those symptoms were alleviated after his plea agreement, does show that this was something that was treatable. So this is an effective assistance of counsel case. Under the Strickland test, Mr. Wilson must both show that there was deficient performance and that there was prejudice, both of which we have touched on a little bit. The focus for the deficient performance here is initially choosing to argue for release or transfer, but really the key mistake that was fatal that cannot have been strategic was to abandon the argument for release and focus on transfer when it was very clear that that was going to be unsuccessful. And that happened before defense counsel filed any medical records. On the prejudice side, we have to show a reasonable probability that would undermine confidence in the original outcome. He was unable to focus on and participate in his defense because of these dental issues. Had he been released and there was an additional 3142 factor here with his physical condition, he would have been able to receive treatment. He certainly would have been able to floss. And as this court has recognized in Iconde, a better guilty plea can be that better outcome under Strickland. He would have also been able to avoid months of pain and a constitutional deprivation. The government has argued that he got a favorable deal. There's no evidence of that. They dropped the gun and stash house enhancement and the gun charge, but they did that because the DNA evidence didn't tie Mr. Wilton to that location and to that firearm. They also dropped the other criminal charges. They dropped like eight out of nine, right? They did. And they did that in return for avoiding the expense and risk of trial. That's very standard operating procedure in the federal criminal system. Mr. Wilton continues to accept responsibility, but he deserves an opportunity to be able to fully focus on and participate in his defense and those plea negotiations. We ask that this court vacate his guilty plea and sentence and remand for further proceedings. I'm happy to answer any remaining questions. Otherwise, I'll wait for rebuttal. Thank you, Mr. Page. Thank you. Thanks for your argument. Mr. Enright. Thank you, Your Honor. May it please the court. Anthony Enright for the United States. I'll start by answering Judge Benjamin's question, although I don't think there's really any dispute about it. In the plea colloquy, the court went over whether there were any promises, agreements, or representations other than what was in the plea agreement. And the defendant recognized the answer was no, under oath. So I think not only is there no evidence that there was some promise of dental care in exchange for his plea, I think the record affirmatively refutes that. And I think that's practically dispositive of the prejudice prong. But to start, there's no deficient performance here, certainly non-conclusively established, because a reasonable attorney could think that an effort to obtain pretrial release under the Bail Reform Act would have failed. And so counsel was not constitutionally compelled to ask the court to release the defendant based on either his dental care or the prison's response to it. The court had already found that there were no conditions or combination of conditions that would reasonably assure the appearances required or the safety of the community, which is the standard of the Bail Reform Act. And there was a presumption based on his charges that no such conditions would apply. The court held the presumption applies, and even if the presumption didn't apply, I would find that detention isn't warranted. So that was the background he would have been litigating against. And there's really not any basis for release based on even the serious health problems that he was reporting. So counsel wasn't constitutionally compelled to make that argument. The record certainly doesn't conclusively establish otherwise. And then on the issue of prejudice, Your Honor, nothing in the record suggests, let alone conclusively establishes, either that he would have succeeded and been released or that had he been released, that would have changed the outcome of the plea process, which is what he needs to establish under Hill v. Lockhart. To my friend's point, there are ways to do that other than establishing that you would have gone to trial if you can show or at least allege a reasonable probability that you would obtain a plea with better immigration consequences or that you've received a more favorable plea. But neither of those things were alleged here. So under Hill v. Lockhart, if you're only alleging that counsel's deficiency caused an involuntary plea, you ordinarily have to show a reasonable probability that you would not have pleaded guilty and would have proceeded to trial. Here I do think he received a favorable plea agreement. Yes, we received the benefit of his plea and avoided the risk of trial. But if you're talking about what would have happened had he not pleaded guilty, we would not have received that benefit. We would have proceeded to trial on the eight counts and he would very likely be looking at a much higher sentence. So I don't think it would have been rational for him to reject the plea. And even if there's a possibility of developing that with allegations and evidence, that's not something the record conclusively establishes. And I think that's dispositive under the applicable standard for ineffective assistance of counsel on direct appeal, which we have here. If the court has no further questions, I'll yield the balance of my time back to the court. Thank you, Mr. Enright. Thank you, Your Honor. Mr. Pace, you have a few minutes left. Thank you. May it please the court, just a few points in response to the government's arguments. Regarding the plea colloquy, we agree that Mr. Wilson represented no promises were made. We haven't argued that any were. Our argument is not that any sort of agreement was made that he would get his dental care in return for pleading guilty, but rather that his medical issues left him so desperate that they affected his decision to plea. The trial court was admittedly skeptical of release. The trial judge states at the May 15th hearing, you've got some tough facts here. The trial judge was much more dismissive of the possibility of transfer, though. And this happened at May 15th. This was the hearing where trial counsel abandons the argument for release and does not yet reflect what we're going to find out later as Mr. Wilson's medical issues continue to persist, as the dentist appointment was ineffective at treating those issues when medical records are later introduced. Again, trial counsel prevented himself from being able to take advantage of any of that on his client's behalf for his client's benefit because he had already abandoned the argument for release. As to the prejudice prong, had Mr. Wilson been able to focus on his defense, had he not been so desperate due to the pain that he was in, we think it is likely that he would have been able to negotiate for a better plea. The preparation of a criminal defense negotiations over a plea agreement are things that happen over a period of time. And for months leading up to the plea agreement, Mr. Wilson was simply not able to properly focus on his defense because of the dental issues that he was going through. And those dental issues were allowed to persist because of the deliberate indifference to his medical needs by the jail. And they could have been prevented had he been released on bond. I think it is also relevant that if his counsel had been successful, which he likely would have had he not abandoned the argument, Mr. Wilson would have avoided months of pain. That alone is a better outcome, and a constitutional deprivation would have been prevented. If the panel has any more questions, I'm happy to answer those. Otherwise, I'll return the remainder of my time. Thank you, Mr. Pace. We appreciate your argument. We also note that you are a court opponent. On behalf of the Fourth Circuit, we want to thank you for taking the assignment and helping us with these cases. We much appreciate it. Thank you, Your Honor. Mr. Enright, we acknowledge your able representation in the United States. We'll come down and greet counsel as we proceed to our next case. Thank you, Mr. Enright. Thank you so much. We're going to take a briefing. Okay. Briefing. Fifth Honorable Court will take a briefing today.
judges: Roger L. Gregory, G. Steven Agee, DeAndrea Gist Benjamin